## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELLE GRAY, on behalf of herself and all others similarly situated, <br><br> Plaintiff(s), <br><br><br> -against- <br><br> PRESSLER, FELT & WARSHAW, L.L.P; <br> LVNV FUNDING, LLC, <br><br> Defendant(s). | Civil Case Number: _____ <br><br> **CIVIL ACTION** <br><br> **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## LOCAL CIVIL RULE 10.1 STATEMENT

1.      The mailing addresses of the parties to this action are:

MICHELLE GRAY
35 Pearce Avenue
Eatontown, New Jersey 07724

PRESSLER, FELT & WARSHAW, L.L.P.
7 Entin Road
Parsippany, New Jersey 07054

LVNV FUNDING, LLC
700 Executive Center Drive, #300,
Greenville, South Carolina 29615

## PRELIMINARY STATEMENT

2.      Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and

through her attorneys, alleges that Defendants, PRESSLER, FELT & WARSHAW, L.L.P.

("PRESSLER"); LVNV FUNDING, LLC ("LVNV")  and JOHN DOES 1-25, their employees,

agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt

Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4.      Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5.      As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6.      Plaintiff is a natural person, a resident of Monmouth County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      PRESSLER maintains a location at 7 Entin Road, Parsippany, New Jersey 07054.

8.      LVNV maintains a location at 700 Executive Center Drive, #300, Greenville, South Carolina 29615.

9.      PRESSLER uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

10.     LVNV uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt.

11.     PRESSLER is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

12.    LVNV is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

13.    John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

14.    Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants, in violation of the FDCPA, as described in this Complaint.

15.    This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from PRESSLER (See Exhibit A ) asserting that LVNV was the current judgment creditor in an attempt to collect on a judgment, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.

16.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a.    Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who

were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A).** The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b.  <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member.   These common questions of law and fact include, without limitation:

    i.      Whether the Defendants violated various provisions of the FDCPA as set forth herein:

    ii.     Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    iii.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    iv.    Whether Plaintiff and the Class are entitled to declaratory relief.

c.  <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d.  <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will

fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

17.     A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

18.     A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

19.     Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## **STATEMENT OF FACTS**

20.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

21.     At some time prior to December 29, 2021, Plaintiff allegedly incurred a financial obligation to HSBC BANK ("HSBC").

22.     The HSBC obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

23.     Plaintiff allegedly incurred the HSBC obligation by obtaining goods and services which were primarily for personal, family and household purposes.

24.     The HSBC obligation did not arise out of a transaction that was for non-personal use.

25.     The HSBC obligation did not arise out of a transaction that was for business use.

26.     The HSBC obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

27.     HSBC is a "creditor" as defined by 15 U.S.C. § 1692a(4).

28.     At some time prior to December 29, 2021, the HSBC obligation was allegedly purchased by and/or sold to NEW CENTURY FINANCIAL SERVICES, INC ("NEW CENTURY FINANCIAL").

29.     In February 2014, a judgment was obtained on behalf of NEW CENTURY FINANCIAL against Plaintiff concerning the HSBC obligation in the Superior Court of New Jersey.

30.     According to the Superior Court of New Jersey. NEW CENTURY FINANCIAL is still the one and only judgment creditor concerning the judgment obtained against the Plaintiff.

31.     In July 2018, Philip Kahn, Esq. of FEIN, SUCH, KAHN & SHEPARD, P.C. filed a substitution of attorney with the Superior Court indicating that he and his law firm were substituting into the matter on behalf of the Plaintiff – NEW CENTURY FINANCIAL.

32.     According to the Superior Court, the entries on the case since July 2018 are the following:

| Filed Date | Filings | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|---|
| 07/30/2018 | | SUBSTITUTION OF ATTORNEY submitted by KAHN, PHILIP, A of FEIN SUCH KAHN & SHEPARD PC on behalf of NEW CENTURY FINANCIAL SERVICES against MICHELLE BRYANT | SCP20181687013 | 07/30/2018 |
| 10/25/2018 | | APPLICATION FOR WAGE EXECUTION submitted by KAHN, PHILIP, A of FEIN SUCH KAHN & SHEPARD PC on behalf of NEW CENTURY FINANCIAL SERVICES against MICHELLE BRYANT | SCP20182437659 | 10/25/2018 |
| 11/21/2018 | | SIGNED - WRIT OF EXECUTION AGAINST WAGES submitted by Case Management Staff | SCP20182662252 | 11/21/2018 |
| 11/22/2018 | | Execution Notice submitted by Case Management | SCP20182666539 | 11/22/2018 |

| Filed Date | Filings | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|---|
| 01/14/2019 | | Writ Returned submitted by Court | SCP2019247530 | 01/30/2019 |
| 01/13/2022 | | APPLICATION FOR WAGE EXECUTION submitted by FELT, GERARD, J of PRESSLER FELT & WARSHAW, LLP on behalf of NEW CENTURY FINANCIAL SERVICES against MICHELLE BRYANT | SCP2022101970 | 01/13/2022 |
| 01/14/2022 | | CLERK NOTICE: re: APPLICATION FOR WAGE EXECUTION [SCP2022101970] -totals do not match draft and application. Pleas review and resubmit. | SCP2022120722 | 01/14/2022 |
| 02/23/2022 | | SUBSTITUTION OF ATTORNEY submitted by FELT, GERARD, J of PRESSLER FELT & WARSHAW, LLP on behalf of NEW CENTURY FINANCIAL SERVICES against MICHELLE BRYANT | SCP2022465785 | 02/23/2022 |
| 03/01/2022 | | SUBSTITUTION OF ATTORNEY submitted by FELT, GERARD, J of PRESSLER FELT & WARSHAW, LLP on behalf of NEW CENTURY FINANCIAL SERVICES against MICHELLE BRYANT | SCP2022517239 | 03/01/2022 |

Showing 1 to 9 of 9 entries

33.     Defendants caused to be delivered to Plaintiff a letter and a Notice of Application for Wage Execution dated December 29, 2021, which was addressed to Plaintiff.  A copy of said communication is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

34.     The December 29, 2021 communication was sent to Plaintiff in connection with the collection of the HSBC judgment.

35.     The December 29, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

36.     Upon receipt, Plaintiff read the December 29, 2021 communication.

37.     The December 29, 2021 letter advised Plaintiff that she was being contacted in reference to:

```
Re:      NEW CENTURY FINANCIAL SERVICES, INC.  CURRENT  ASSIGNEE,
         [HSBC, ORIGINAL CREDITOR] -vs- MICHELLE BRYANT
```

38.     While the December 29, 2021 letter indicated that PRESSLER was acting on behalf of NEW CENTURY FINANCIAL as the current assignee, the letter also asserted that the current judgment creditor was LVNV FUNDING, LLC.

39.     In the accompanying Notice of Application for Wage Execution, Gerald J. Felt, Esq. of PRESSLER indicated that his statements contained therein were true and not willfully false.

40.     As such, Gerald J. Felt, Esq. of PRESSLER stated that the following statement was true and not willfully false:

```
TAKE NOTICE that an application is being made by the  judgment-creditor  to  the  above-named
court, located at 71 MONUMENT PARK PO BOX 1270,FREEHOLD,NJ 07728 for a Wage Execution Order to
issue against your salary, to be served on your employer,
BRICK TOWNSHIP BOARD OF EDUCATION
101 HENDRICKSON AVE
BRICK TOWNSHIP NJ 087242574
```

41.     The judgment-creditor as of December 29, 2021 was NEW CENTURY FINANCIAL, however PRESSLER was not acting on its behalf.  Rather PRESSLER was acting on behalf of LVNV.

42.     On January 13, 2022, Gerald J. Felt, Esq. of PRESSLER filed a Certification of Amount Due in Support of Execution Against Earnings Pursuant to 15 U.S.C. 1673 and N.J.S.A. 2A:17-56 ("Execution Certification") with the Superior Court of New Jersey. A copy of said communication is annexed hereto as **Exhibit B**, which is fully incorporated herein by reference.

43.     The caption of the Execution Certification was:

```
Plaintiff       NEW CENTURY FINANCIAL SERVICES, INC.
                CURRENT ASSIGNEE, [HSBC, ORIGINAL
                CREDITOR]
vs.
Designated Defendant,   MICHELLE BRYANT
```

44.     The caption of the Execution Certification indicated that PRESSLER was acting on behalf of NEW CENTURY FINANCIAL – the current assignee (and current judgment creditor according to the Superior Court of New Jersey).

45.     Gerald J. Felt, Esq. of PRESSLER indicated that his statements in the Execution Certification were true and not willfully false:

```
     I CERTIFY that the foregoing statments made by me are true.  I  am  aware
that if any of the foregoing statements made by me are willfully false, I am
subject to punishment.
     Attorney for Judgment Creditor
     /S/ Gerard J. Felt                         Dated 01/13/2022
     By: Gerard J. Felt
     Pressler, Felt & Warshaw, LLP
     7 Entin Rd.
     Parsippany, NJ 07054-5020
     1-973-753-5100
```

46.     On February 22, 2022, Gerald J. Felt, Esq. of PRESSLER filed a letter and a Substitution of Attorney with the Superior Court of New Jersey.  A copy of said communication is annexed hereto as **Exhibit C**, which is fully incorporated herein by reference.

47.     The February 22, 2022 letter advised the Superior Court of New Jersey that PRESSLER was submitting a Substitution of Attorney to be filed and that it was acting in the following matter on behalf of NEW CENTURY FINANCIAL;

```
Re:   . NEW CENTURY FINANCIAL SERVICES, INC.  CURRENT· ASSIGNEE,
       [HSBC, ORIGINAL CREDITOR] -vs- MICHELLE BRYANT
```

48.     The caption of the Substitution of Attorney submitted to the Superior Court of New Jersey by PRESSLER was:

```
NEW CENTURY FINANCIAL SERVICES, INC. CURRENT  ASSIGNEE,  [HSBC,  ORIGINAL
CREDITOR]

                              Plaintiff              Docket No. DC-000038-14
                    vs
                                                     CIVIL ACTION

MICHELLE BRYANT
                                                     SUBSTITUTION OF ATTORNEY

                              Defendant(s)
```

49.     The Substitution of Attorney stated in part:

```
The undersigned hereby consent to the substitution of  Pressler,  Felt  &
Warshaw, LLP  as Attorney(s) for the current  judgment  creditor  in  the
above captioned matter.


Dated: 02/02/2022
```

```
PRESSLER, FELT & WARSHAW, LLP        FEIN, SUCH, KAHN & SHEPARD, P.C.
_____      _____
     Gerard J. Felt                            PHILIP A KAHN
   Superseding Attorney                     Withdrawing Attorney
```

50.     New Jersey Court Rule 4:26-1 requires that every action be prosecuted in the name of the real party in interest.

51.     Defendants have not complied with New Jersey Court Rule 4:26-1.

52.     New Jersey Court Rule 4:59-1 et seq. restricts the process to enforce judgments to the judgment creditor or successor in interest appearing of record.

53.     LVNV is not the judgment creditor nor is it the successor in interest appearing of record.

54.     According to the records maintained by the Superior Court of New Jersey, LVNV is not now, nor has it ever been recognized by the Superior Court as the judgment creditor for the judgment obtained against Plaintiff.

55.     According to the Superior Court of New Jersey, NEW CENTURY FINANCIAL was and is still the judgment creditor at all times relevant herein.

56.     According to the Superior Court of New Jersey, PRESSLER is and was acting at all times with respect to the judgment on behalf of NEW CENTURY FINANCIAL despite the fact that it is actually acting on behalf of LVNV.

57.     Defendants have not complied with New Jersey Court Rule 4:59-1 et seq.

58.     New Jersey Court Rule 1:4-10 governs the actions of an assignee of a judgment obtained in the Superior Court of New Jersey:

Assignment of Judgment

Whenever there shall be an assignment of a judgment, the assignee may become the assignee of record by filing the assignment of judgment with the Clerk of the Court that entered the judgment. All such assignments of judgment must be in writing, showing the date thereof; the name and address of the assignor and assignee; the amount of the judgment or the amount remaining due on the judgment, whichever is lesser, and when and by what court the judgment was granted; a statement describing the rights assigned; and the docket number. All such assignments of judgment shall be executed by the judgment creditor or, if applicable, by a prior assignee of record and must be acknowledged as are deeds for recordation. When such assignment is filed with the court as herein provided, all forms of post-judgment civil process thereafter shall be captioned in the name of the original judgment creditor with the added wording "by assignee" followed by the name of the assignee.

59.     Defendants have not complied with New Jersey Court Rule 1:4-10.

60.     Instead of complying with the New Jersey Rules of Court or the FDCPA, PRESSLER fraudulently asserted to the Superior Court of New Jersey and the Plaintiff that it was acting legally and under the color of law.

61.     LVNV regularly monitors the actions of PRESSLER, and it was fully aware of the actions taken and approved of those actions taken by PRESSLER.

62.     PRESSLER knew or should have known that its actions violated the FDCPA.

63.     LVNV knew or should have known that its actions and that of PRESSLER violated the FDCPA.

64.     The Defendants knowingly engaged in the conduct described herein.

65.     Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

66.     It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

(a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b)     Making a false representation of the character or legal status of the debt;

(c)     Representing or implying that nonpayment of any debt will result in the seizure, garnishment, attachment or sale of ay property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action;

(d)     Threatening to take any action that cannot legally be taken or that is not intended to be taken;

(e)     Using any written communication which simulates or is falsely represented to be a document authorized. Issued, or approved by any court or which gives the false impression as to its source, authorization or approval;

(f)     Falsely representing or implying that documents are legal process; and

(g)     Using unfair or unconscionable means to collect or attempt to collect any debt.

67.     Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

68.     Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

69.     Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

70.     The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

71.     Defendants' attempt to collect the alleged debt as described herein violated various provisions of the FDCPA including but not limited to:  15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(5); § 1692e(9); § 1692e(10); and § 1692e(13).

72.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

73.     Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

74.     As described herein, Defendants violated 15 U.S.C. § 1692e of the FDCPA.

75.     Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

76.     15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

77.     As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A).

78.     15 U.S.C. § 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

79.     As described herein, Defendants violated 15 U.S.C. § 1692e(5).

80.     As described herein, Defendants violated 15 U.S.C. § 1692e(9).

81.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

82.     As described herein, Defendants violated 15 U.S.C. § 1692e(10).

83.     As described herein, Defendants violated 15 U.S.C. § 1692e(13).

84.     Defendant PRESSLER is vicariously liable for any violations of the FDCPA that LVNV committed as described herein.

85.     Defendant LVNV is vicariously liable for any violations of the FDCPA that PRESSLER committed as described herein. See Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507 (9th Cir. 1994); Pollice v. National Tax Funding, L.P., 225 F.3d 379 (3d Cir. 2000).

86.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

87.     Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

88.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

89.     Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

90.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

91.     Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 3, 2022                         Respectfully submitted,

By:     *s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF& KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
Phone: (973) 227-5900
Fax: (973) 244-0019
Attorneys for Plaintiff

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, hereby certify that the matter in controversy is not the subject of any other court,

arbitration or administrative proceeding.

Dated: March 3, 2022

_s/ Joseph K. Jones_
Joseph K. Jones, Esq. (JJ5509)

# EXHIBIT

# A

SHELDON H. PRESSLER(1955-2017)
--------
GERARD J. FELT (NJ)
DAVID B. WARSHAW (NJ,NY,MA)
--------
MICHAEL J. PETERS (NJ,NY)
CHRISTOPHER P. ODOGBILI (NJ)
DARREN H. TANAKA (NJ,NY)
FRANCIS X. GRIMES (NJ,PA)
CRAIG S. STILLER (NJ,NY,PA)
IAN Z. WINOGRAD(NJ,NY,PA,DC)

PRESSLER, FELT & WARSHAW, L.L.P.
ATTORNEYS AT LAW
7 Entin Rd.
Parsippany, NJ 07054-5020
Office: 1-973-753-5100
Toll Free: 1-888-312-8600
Fax: 1-973-753-5353
Website:pfwattorneys.com
NY Office
305 Broadway
Suite 802
New York, NY 10007

PA Office
400 Horsham Rd.
Suite 110
Horsham, PA 19044

DONALD V. VALENZANO JR.(NJ,NY)
PATRICK WONG (NJ,NY)
JESSE R. BARREIRO (NJ,IL)
HOWARD SCHACHTER (NJ,NY)
MATTHEW J. MARTELLO(NJ,PA)
THEOLOGIA PAPADELIAS (NJ)
GERARDINO DI POPOLO (NJ)

STEVEN P. BANN (NJ,NY)
SEAN P. STEVENS (PA)
RYAN R. TAPPAN (NY)
CHRISTOPHER J. HORGAN (NJ,PA)
MATTHEW FALLINGS (PA)
CHRISTOPHER B. CARFAGNO (PA)
LLOYD GARNER (NJ)
-----------------------------
OFFICE HOURS:
Monday-Friday: 8am-6pm
DCWP License Number: 2069242-DCA
Reply to [X] NJ Office [ ] NY Office [ ] PA Office

12/29/2021

MICHELLE BRYANT

Re:   NEW CENTURY FINANCIAL SERVICES, INC.  CURRENT  ASSIGNEE,
[HSBC, ORIGINAL CREDITOR] -vs- MICHELLE BRYANT
Superior Court of New Jersey: Law Divison
MONMOUTH Special Civil Part
Docket Number: DC-000038-14
PFW File Number: █████
Original Creditor: HSBC
Current Judgment Creditor: LVNV Funding LLC

Dear MICHELLE BRYANT

Please be advised that we  represent  LVNV  Funding  LLC  ,  the
current judgment creditor in the above-referenced matter.

Attached  please  find  our  Notice  of  Application  for   Wage
Execution.

PRESSLER, FELT & WARSHAW, LLP

Gerard J. Felt

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN  ATTEMPT
TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT
PURPOSE.

NOTICE: This is a public document, which means the document as submitted will be available to the public upon request. Therefore, do not enter personal identifiers on it, such as Social Security number, driver's license number, vehicle plate number, insurance policy number, active financial account number, or active credit card number.

PFW File Number Number B204298
Pressler, Felt & Warshaw, LLP
Attorneys At Law
7 Entin Rd.
Parsippany, NJ 07054-5020
Attorney(s) for Judgment Creditor
1-973-753-5100

Superior Court Of New Jersey
Law Division MONMOUTH Special Civil Part
Docket # DC-000038-14 Civil Action
NOTICE OF APPLICATION FOR WAGE EXECUTION

NEW CENTURY FINANCIAL SERVICES, INC. CURRENT
ASSIGNEE, [HSBC, ORIGINAL CREDITOR]
Plaintiff(s)

To: MICHELLE BRYANT
35 PEARCE AVE
EATONTOWN, NJ 077241711

-vs-

MICHELLE BRYANT
Defendant(s)

TAKE NOTICE that an application is being made by the judgment-creditor to the above-named court, located at 71 MONUMENT PARK PO BOX 1270, FREEHOLD, NJ 07728 for a Wage Execution Order to issue against your salary, to be served on your employer,
BRICK TOWNSHIP BOARD OF EDUCATION
101 HENDRICKSON AVE
BRICK TOWNSHIP NJ 087242574
for: (a)10% of your gross salary when the same shall equal or exceed the amount of $217.50 per week; or (b) 25% of your disposable earnings for that week; or (c) the amount, if any, by which your disposable weekly earnings exceed $217.50 , whichever shall be the least. Disposable earnings are defined as that portion of the earnings remaining after the deduction from the gross earnings of any amounts required by law to be withheld. In the event the disposable earnings so defined are $217.50 or less, if paid weekly, or $435.00 or less, if paid every two weeks, or $471.25 or less, if paid twice a month, or $942.50 , or less, if paid monthly then no amount shall be withheld under this execution. In no event shall more than 10% of gross salary be withheld and only one execution against your wages shall be satisfied at a time. Your employer may not discharge, discipline or discriminate against you because your earnings have been subjected to garnishment.

You may notify the Office of the Special Civil Part and the attorneys for judgment-creditor, whose address appears above, in writing, within ten days after service of this notice upon you, why such an Order should not be issued, and thereafter the application for the Order will be set down for a hearing of which you will receive notice of the date, time and place.

If you do not notify the Office of the Special Civil Part and judgment-creditor's attorney, or the judgment-creditor if there is no attorney, in writing of your objection, you will receive no further notice and the Order will be signed by the Judge as a matter of course.

You also have a continuing right to object to the wage execution or apply for a reduction in the amount withheld even after it has been issued by the Court. To object or apply for a reduction, file a written statement of your objection or reasons for a reduction with the Office of the Special Civil Part and send a copy to the creditor's attorney or directly to the creditor if there is no attorney. You will be entitled to a hearing within 7 days after you file your objection or application for a reduction.

CERTIFICATION OF SERVICE. I served the within Notice upon judgment-debtor, MICHELLE BRYANT on this date by sending it simultaneously by regular and certified mail, return receipt requested, to the judgment-debtor's last known home address, set forth above. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to the punishment.

PRESSLER, FELT & WARSHAW, LLP
/S/ Gerard J. Felt
Gerard J. Felt
Attorney for Judgment Creditor

Dated: 12/29/2021

# EXHIBIT

# B

Gerard J. Felt - 023071981
STATE OF NEW JERSEY
SUPERIOR COURT OF NEW JERSEY: LAW DIVISION
MONMOUTH SPECIAL CIVIL PART
DOCKET #  DC-000038-14

PFW File Number ▮▮▮▮
Acct # ▮
Ref # 227759941

CERTIFICATION OF AMOUNT DUE
IN SUPPORT OF
EXECUTION AGAINST EARNINGS
PURSUANT TO 15 U.S.C. 1673
AND N.J.S.A. 2A:17-56

Plaintiff        NEW CENTURY FINANCIAL SERVICES, INC.
                 CURRENT ASSIGNEE, [HSBC, ORIGINAL
                 CREDITOR]
vs.
Designated Defendant,  MICHELLE BRYANT

Name and Address of Employer Ordered to make Deductions:
BRICK TOWNSHIP BOARD OF EDUCATION
101 HENDRICKSON AVE
BRICK TOWNSHIP NJ 087242574

| | |
|---|---:|
| Judgment Date........................... | 02/26/14 |
| Judgment Award.........................$ | 695.34 |
| Court Costs & State Atty. Fees.........$ | 67.91 |
| Total Judgment Amount..................$ | 763.25 |
| Interest From Prior Writs..............$ | 6.59 |
| Costs From Prior Writs.................$ | 44.00 |
| Subtotal A.............................$ | 813.84 |
| Credits From Prior Writs...............$ | 0.00 |
| Subtotal B.............................$ | 813.84 |
| New Miscellaneous Costs................$ | 0.00 |
| New Interest on this Writ..............$ | 49.42 |
| New Credits On This Writ...............$ | 41.25 |
| Execution Fees & Mileage...............$ | 42.00 |
| Subtotal C.............................$ | 864.01 |
| Court Officer Fee......................$ | 86.40 |
| Total Due this Date...................$ | 950.41 |

Please issue to Court Officer, OCEAN County:

    I CERTIFY that the foregoing statments made by me are true.  I  am  aware
that if any of the foregoing statements made by me are willfully false, I am
subject to punishment.
        Attorney for Judgment Creditor
         /S/ Gerard J. Felt            Dated 01/13/2022
        By: Gerard J. Felt
        Pressler, Felt & Warshaw, LLP
        7 Entin Rd.
        Parsippany, NJ 07054-5020
        1-973-753-5100

NOTICE: This is a public document,which means the document as submitted will be available to to the public upon request.  Therefore, do not enter personal identifiers  on  it,  such  as Social Security number, driver's license number, vehicle plate number, insurance policy number, active financial account number, or active credit card number.

PFW File Number Number B204298
Pressler, Felt & Warshaw, LLP
Attorneys At Law
7 Entin Rd.
Parsippany, NJ 07054-5020
Attorney(s) for Judgment Creditor
1-973-753-5100

Superior Court Of New Jersey
Law Division MONMOUTH Special Civil Part
Docket #  DC-000038-14 Civil Action
NOTICE OF APPLICATION FOR WAGE EXECUTION

NEW CENTURY FINANCIAL SERVICES, INC. CURRENT ASSIGNEE, [HSBC, ORIGINAL CREDITOR]
Plaintiff(s)

To: MICHELLE BRYANT
35 PEARCE AVE
EATONTOWN, NJ 077241711

-vs-

MICHELLE BRYANT
Defendant(s)

TAKE NOTICE that an application is being made by the  judgment-creditor  to  the  above-named court, located at 71 MONUMENT PARK PO BOX 1270,FREEHOLD,NJ 07728 for a Wage Execution Order to issue against your salary, to be served on your employer,
BRICK TOWNSHIP BOARD OF EDUCATION
101 HENDRICKSON AVE
BRICK TOWNSHIP NJ 087242574
for: (a)10% of your gross salary when the same shall equal or exceed the amount of $217.50 per week; or (b) 25% of your disposable earnings for that week; or (c) the  amount,  if  any,  by which your disposable weekly  earnings  exceed  $217.50 , whichever  shall  be  the  least. Disposable earnings are defined as that portion of the earnings remaining after the deduction from the gross earnings of any amounts required by law to  be  withheld.  In  the  event  the disposable earnings so defined are $217.50 or less, if paid weekly, or $435.00  or  less,  if paid every two weeks, or $471.25 or less, if paid twice a month, or $942.50 , or less,if paid monthly then no amount shall be withheld under this execution. In no event shall more than 10% of gross salary be withheld and only one execution against your wages shall be satisfied at a time. Your employer may not discharge, discipline or discriminate against  you  because  your earnings have been subjected to garnishment.

You may notify the Office of the Special Civil Part and the attorneys for  judgment-creditor, whose address appears above, in writing, within ten days after service of  this  notice  upon you, why such an Order should not be issued, and thereafter the application for the Order will be set down for a hearing of which you will receive notice of the date, time and place.

If you do not notify the Office of the Special Civil Part and judgment-creditor's attorney, or the judgment-creditor if there is no attorney, in writing of your objection, you will receive no further notice and the Order will be signed by the Judge as a matter of course.

You also have a continuing right to object to the wage execution or apply for a reduction  in the amount withheld even *after* it has been issued by the Court. To object or  apply for a reduction, file a written statement of your objection or reasons for a  reduction  with the Office of the Special Civil Part and send a copy to the creditor's attorney or directly to the creditor if there is no attorney. You will be entitled to a hearing within 7  days  after you file your objection or application for a reduction.

CERTIFICATION OF SERVICE. I served the within Notice upon judgment-debtor, MICHELLE BRYANT  on this date by sending  it  simultaneously  by  regular  and  certified  mail,  return  receipt requested, to the judgment-debtor's last known home address, set forth above.  I certify that the foregoing statements made by me are true. I am  aware  that  if  any  of  the  foregoing statements made by me are willfully false, I am subject to the punishment.

PRESSLER, FELT & WARSHAW, LLP
/S/ Gerard J. Felt
Gerard J. Felt
Attorney for Judgment Creditor

Dated: 12/29/2021

```
Docket Number: DC-000038-14
Plaintiff  : NEW CENTURY FINANCIAL SERVICES, INC. CURRENT ASSIGNEE, [HSBC]
       ORIGINAL CREDITOR
    vs
Defendant(s): MICHELLE BRYANT
Previous Balance : 763.25
Start Date : 02/26/14
```

| Date Type | Days Curr Rt New Rate | Taxable Daily Int | Int Bal New Int App Int | Prin Bal App Prin | Cost Bal New Cost App Cost | Payment App Const | Bal Carr +Charges -App Pay |
|---|---|---|---|---|---|---|---|
| 02/26/14 | 0 | 763.25 | 0.00 | 763.25 | 0.00 | 0.00 | 763.25 |
| START | 0.25 | 0.0052 | 0.00 | | 0.00 | | +0.00 |
| | 0.25 | | 0.00 | 0.00 | 0.00 | 0.00 | -0.00 |
| 01/01/17 | 1040 | 763.25 | 0.00 | 763.25 | 0.00 | 0.00 | 763.25 |
| RATE CHG | 0.25 | 0.0052 | 5.41 | | 0.00 | | +5.41 |
| | 0.50 | | 0.00 | 0.00 | 0.00 | 0.00 | -0.00 |
| 11/21/18 | 689 | 763.25 | 5.41 | 763.25 | 0.00 | 0.00 | 768.66 |
| COST | 0.50 | 0.0105 | 7.23 | | 44.00 | | +51.23 |
| | 0.50 | | 0.00 | 0.00 | 0.00 | 0.00 | -0.00 |
| 11/21/18 | 0 | 807.25 | 12.64 | 763.25 | 44.00 | 41.25 | 819.89 |
| PAY | 0.50 | 0.0111 | 0.00 | | 0.00 | | +0.00 |
| | 0.50 | | 12.64 | 0.00 | 28.61 | 0.00 | -41.25 |
| 01/01/19 | 41 | 778.64 | 0.00 | 763.25 | 15.39 | 0.00 | 778.64 |
| RATE CHG | 0.50 | 0.0107 | 0.44 | | 0.00 | | +0.44 |
| | 1.50 | | 0.00 | 0.00 | 0.00 | 0.00 | -0.00 |
| 01/01/20 | 365 | 778.64 | 0.44 | 763.25 | 15.39 | 0.00 | 779.08 |
| RATE CHG | 1.50 | 0.0320 | 11.68 | | 0.00 | | +11.68 |
| | 2.50 | | 0.00 | 0.00 | 0.00 | 0.00 | -0.00 |
| 01/01/21 | 366 | 778.64 | 12.12 | 763.25 | 15.39 | 0.00 | 790.76 |
| RATE CHG | 2.50 | 0.0533 | 19.51 | | 0.00 | | +19.51 |
| | 1.50 | | 0.00 | 0.00 | 0.00 | 0.00 | -0.00 |
| 01/01/22 | 365 | 778.64 | 31.63 | 763.25 | 15.39 | 0.00 | 810.27 |
| RATE CHG | 1.50 | 0.0320 | 11.68 | | 0.00 | | +11.68 |
| | 0.25 | | 0.00 | 0.00 | 0.00 | 0.00 | -0.00 |
| 01/12/22 | 11 | 778.64 | 43.31 | 763.25 | 15.39 | 0.00 | 821.95 |
| RATE CHG | 0.25 | 0.0053 | 0.06 | | 0.00 | | +0.06 |
| | 0.25 | | 0.00 | 0.00 | 0.00 | 0.00 | -0.00 |
| | | | | | | Balance | 822.01 |

```
Total Accumulated Interest 56.01 Ending Rate 0.25
```

**Wage Execution**

Superior Court of New Jersey
Law Division, Special Civil Part
MONMOUTH County
Telephone Number 7323588700 Ext. 87905
Docket Number: MON-DC-000038-14

Order and Execution Against Earnings
Pursuant to 15 *U.S.C.* 1673 and *N.J.S.A.* 2A:17-56

Judgment Number   VJ-1645-14
Writ Number                     Issued

NEW CENTURY FINANCIA

_____

Plaintiff

vs

MICHELLE BRYANT

_____

Designated Defendant

35 PEARCE AVE
_____
EATONTOWN NJ 07724
_____

Name and Address of Employer Ordered to Make Deductions
BRICK TOWNSHIP BOARD OF EDUCAT
101 HENDRICKSON AVE
BRICK TOWNSHIP NJ 08724-2574

Unless the designated defendant is currently subject to withholding under another wage execution, the employer is ordered to deduct from the earnings which the designated defendant receives and to pay over to the court officer named below, the lesser of the following: (a) 10% of the gross weekly pay; or (b) 25% of disposable earnings for that week; or (c) the amount, if any, by which the designated defendant's disposable weekly earnings exceed $217.50 per week, until the total amount due has been deducted or the complete termination of employment.  Upon either of these events, an immediate accounting is to be made to the court officer. Disposable earnings are defined as that portion of the earnings remaining after the deduction from gross earnings of any amounts required by law to be withheld.  In the event the disposable earnings so defined are $217.50 or less, if paid weekly, or $435.00 or less, if paid every two weeks, or $471.25 or less, if paid twice per month, or $942.50, or less, if paid monthly then no amount shall be withheld under this execution.  In no event shall more than 10% of gross salary be withheld and only one execution against the wages of the designated defendant shall be satisfied at a time.  Please refer to the section of this form titled "How to Calculate Proper Garnishment Amount".

The employer shall immediately give the designated defendant a copy of this order.  The designated defendant may object to the wage execution or apply for a reduction in the amount withheld at any time.  To object or apply for a reduction, a written statement of the objection or reasons for a reduction must be filed with the Clerk of the Court and a copy must be sent to the creditor's attorney or directly to the creditor if there is no attorney.  A hearing will be held within 7 days after filing the objection or application for a reduction.  According to law, no employer may terminate an employee because of a garnishment.

| | | | Date |
|---|---|---|---|
| Judgment Date | | 02/26/2014 | |
| Judgment Award. | $ | 695.34 | |
| Court Costs & Stat Atty. Fees | $ | 67.91 | |
| Total Judgment Amount | $ | 763.25 | |
| Interest from Prior Writs | $ | 12.37 | _____ |
| Costs from Prior Writs | $ | 44.00 | Judge |
| Subtotal A | $ | 819.62 | |
| Credits from Prior Writs | $ | 0.00 | |
| Subtotal B | $ | 819.62 | _____ |
| New Miscellaneous Costs | $ | 0.00 | Michelle M. Smith |
| New Interest on this Writ | $ | 49.42 | Clerk of the Superior Court |
| New Credits on this Writ | $ | 41.25 | |
| Execution Fees & Mileage | $ | 42.00 | Make payments at least monthly to Court Officer as set forth: |
| Subtotal C | $ | 869.79 | |
| Court Officer Fee | $ | 86.98 | _____ |
| Total due this date | $ | 956.77 | Court Officer |

Plaintiff's Attorney and Address:

FELT, GERARD, J
PRESSLER FELT & WARSHAW, LLP
7 ENTIN RD

PARSIPPANY NJ 070549944
973-753-5100

I RETURN this execution to the Court

☐ Unsatisfied  ☐ Satisfied  ☐ Partly Satisfied

Amount Collected          $ _____

Fee Deducted               $ _____

Amount Due to Attorney    $ _____

Date   _____

_____

Court Officer:

**How to Calculate Proper Garnishment Amount**

1. Gross pay per pay period $ _____

2. Less amounts legally required to be deducted:
   a. Federal Income Tax                                           $ _____
   b. Social Security (FICA or OASDI)                              $ _____
   c. Medicare                                                     $ _____
   d. State Income Tax                                             $ _____
   e. Unemployment Insurance (SUI)                                 $ _____
   f. Temporary Disability Insurance (TDI)                         $ _____
   g. Family Leave Insurance (FLI)                                 $ _____
   h. Workforce Development Fund/Supplement Workforce (WFD/SWF)    $ _____
   i. Other                                                        $ _____

3. Total allowable deductions (add lines a - i) $ _____

4. Net pay (Subtract line 3 from line 1) $ _____

5. **Exemption Amount**

| If salary is paid: | Subtract |
|---|---|
| Weekly | $217.50 |
| Every two weeks | $435.00 |
| Twice per month | $471.25 |
| Monthly | $942.50 |

(Federal law prohibits any garnishment when net pay is smaller than the exemption amount on line 5)     - _____

6. Equals the amount potentially subject to garnishment (subtract line 5 from line 4 and if less than zero, enter zero)     = _____

7. Take net pay (line 4) and multiply by .25     $_____ x .25 =     _____

8. Take "gross pay" (line 1) and multiply by .10     $_____ x .10 =     _____

9. Compare lines 6, 7 and 8 - the amount which may lawfully be deducted is the smallest amount on line 6, line 7, or line 8.     $ _____

Source: 15 U.S.C. 1671 *et seq*.; 29 C.F.R. 870; *N.J.S.A.* 2A:17- 50 *et seq*.

[Note: Former Appendix XI-I adopted effective January 2, 1989; amended June 29, 1990, effective September 4, 1990; amended July 14, 1992, effective September 1, 1992; redesignated as Appendix XI-J and amended July 13, 1994, effective September 1, 1994; amended September 27, 1996, effective October 1, 1996; amended July 30, 1997, effective September 1, 1997; amended July 28, 2004 to be effective September 1, 2004; amended July 3, 2007, to be effective July 24, 2007; amended July 2, 2008, to be effective July 24, 2008; amended July 9, 2009 to be effective July 24, 2009; amended November 6, 2013 to be effective November 25, 2013; amended July 22, 2014 to be effective September 1, 2014; amended August 1, 2016 to be effective September 1, 2016; amended March 7, 2017 to be effective immediately, amended July 31, 2020 to be effective September 1, 2020.

# EXHIBIT

# C

Gerard J. Felt - 023071981

| SHELDON H. PRESSLER(1955-2017) | *PRESSLER, FELT & WARSHAW, L.L.P.* | PATRICK WONG (NJ,NY) | SEAN P. STEVENS (PA) |
|---|---|---|---|
| ------- | ATTORNEYS AT LAW | JESSE R. BARREIRO (NJ,IL) | RYAN R. TAPPAN (NY) |
| GERARD J. FELT (NJ) | 7 Entin Rd. | HOWARD SCHACHTER (NJ,NY) | CHRISTOPHER J. HORGAN (NJ,PA |
| DAVID B. WARSHAW (NJ,NY,MA) | Parsippany, NJ 07054-5020 | MATTHEW J. MARTELLO(NJ,PA) | MATTHEW FALLINGS (PA) |
| ------- | O f f i c e : 1 - 9 7 3 - 7 5 3 - 5 1 0 0 | THEOLOGIA PAPADELIAS (NJ) | CHRISTOPHER B. CARFAGNO (PA) |
| MICHAEL J. PETERS (NJ,NY) | T o l l  F r e e : 1 - 8 8 8 - 3 1 2 - 8 6 0 0 | GERARDINO DI POPOLO (NJ) | LLOYD GARNER (NJ) |
| CHRISTOPHER P. ODOGBILI (NJ) | F a x : 1 - 9 7 3 - 7 5 3 - 5 3 5 3 | STEVEN P. BANN (NJ,NY) | DANTE P. CIANNI (NJ) |
| DARREN H. TANAKA (NJ,NY) | W e b s i t e : p f w a t t o r n e y s . c o m | ----------------------------- | |
| FRANCIS X. GRIMES (NJ,PA) | NY Office | PA Office | OFFICE HOURS: |
| CRAIG S. STILLER (NJ,NY,PA) | 305 Broadway | 400 Horsham Rd. | Monday-Friday: 8am-6pm |
| IAN Z. WINOGRAD(NJ,NY,PA,DC) | Suite 802 | Suite 110 | DCWP License Number: 2069242-DCA |
| DONALD V. VALENZANO JR.(NJ,NY) | New York, NY 10007 | Horsham, PA 19044 | Reply to [X] NJ Office [ ] NY Office [ ] PA Office |

02/22/2022

Clerk, MONMOUTH  Special Civil Part
71 MONUMENT PARK
PO BOX 1270
FREEHOLD, NJ 07728

Re:     NEW CENTURY FINANCIAL SERVICES, INC.  CURRENT   ASSIGNEE,
        [HSBC, ORIGINAL CREDITOR]  vs MICHELLE BRYANT
        Superior Court of New Jersey:  Law Division
        MONMOUTH Special Civil Part
        Docket Number DC-000038-14
        PFW File Number ████████

Dear Sir/Madam:

Enclosed please find a Substitution of Attorney for filing  with
the Court. You  may  debit  my  collateral  account  ██████  and
reference number 227955183 in the amount of $35.00.

I have been advised that the Court will not process the enclosed
Substitution of Attorney without the filing fee nor will  the
court accept a notice of appearance in lieu of a Substitution of
Attorney as allowed by Rule 1:11-3. It is our  position  that  a
filing fee should not be required for my firm to enter  its
appearance on a judgment that is more than 45 days old.

In order to protect the interests of our client and  proceed  to
enforce their rights, I am enclosing the requested  filing  fee,
paid under protest and with reservation of all rights.

Very truly yours,

PRESSLER, FELT & WARSHAW, LLP

/S/ Gerard J. Felt

Gerard J. Felt

Enc.

PFW File# ██████

Gerard J. Felt - 023071981


        Attorney(s): Pressler, Felt & Warshaw, LLP
Office Address : 7 Entin Rd.  Parsippany, NJ 07054-5020
     Telephone : 1-973-753-5100
Attorney(s) for: LVNV Funding LLC , the current judgment creditor
_____

                                Superior Court of New Jersey
                                MONMOUTH Special Civil Part

NEW CENTURY FINANCIAL SERVICES, INC. CURRENT  ASSIGNEE,  [HSBC,  ORIGINAL
CREDITOR]

                    Plaintiff              Docket No. DC-000038-14
            vs
                                           CIVIL ACTION

MICHELLE BRYANT
                                        SUBSTITUTION OF ATTORNEY

              Defendant(s)


The undersigned hereby consent to the substitution of  Pressler,  Felt  &
Warshaw, LLP  as Attorney(s) for the current  judgment  creditor  in  the
above captioned matter.


Dated: 02/02/2022


PRESSLER, FELT & WARSHAW, LLP           FEIN, SUCH, KAHN & SHEPARD, P.C.
_____         _____
      Gerard J. Felt                          PHILIP A KAHN
    Superseding Attorney                     Withdrawing Attorney




                                               Pressler, Felt & Warshaw, LLP

                                        FEB 17 2022